*In re* MARRIAGE OF LARRY W. BRITTON, Petitioner-Appellant and Cross-Appellee, and SARAH (SALLY) BRITTON, Respondent-Appellee and Cross-Appellant.

Fifth District   No. 5—85—0250

Opinion filed March 21, 1986.

Mark Tungate and Jerry Doyle Miller, both of Bowen, Miller & Tungate, of Olney, for appellant.

Alice M. Jordan, of Fairfield, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

The marriage of Larry W. Britton (petitioner) and Sarah (Sally) Britton (respondent) was dissolved by a judgment of the circuit court of Richland County. Petitioner appeals from this judgment, claiming the court abused its discretion in (1) awarding respondent the larger share of the marital assets, (2) improperly reserving jurisdiction over pension benefits, and (3) in awarding respondent maintenance. Respondent cross-appeals, claiming the court abused its discretion in refusing to require petitioner to pay her attorney fees. We affirm in part, and reverse and remand in part with directions.

Petitioner and respondent were married in 1960. Both were 44

years old at the time of the proceedings below. They had three children, none of them a minor. The marriage was dissolved on March 21, 1984. On December 10, 1984, the court entered a judgment dividing the marital property and awarding maintenance. This judgment was amended by the court on January 7, 1985, and on March 18, 1985. We find it necessary to address only the court's action regarding the pension plans of the parties, so we set out only the portions of the judgment dealing with this issue.

In the December 10, 1984, judgment the court stated:

"The Court reserves jurisdiction of the matter of division of pension or retirement plans of the parties until the time when same become payable. The Court states, however, for the benefit of future Court deciding the matter at that time, that unless there is a decided change in the fortunes, means, or conditions of the parties or either of them by that time, that Sally should receive a portion of Larry's pension retirement equal to 1/2 of that portion of same which was earned to date of dissolution of marriage (March 21, 1984), provided that when that portion from Larry's pension is added to what Sally receives, her combined pension and retirement (including Social Security if any) shall not exceed that received by Larry, if, as and when the said pensions become payable."

On January 7, 1985, the court entered a supplemental judgment which essentially restated the court's position from the earlier judgment. On March 18, 1985, the court entered an order in which it stated:

"This Court, in the previous order, reserved jurisdiction of the matter of division of pension or retirement plans of the parties until the same became payable. The formula set forth in the Memorandum of Court's Opinion filed December 10, 1984, for the computation of the distribution of LARRY BRITTON'S pension is a recommendation only, to be given consideration by the Court at a subsequent hearing. This Court does find that Respondent, SARAH BRITTON, is entitled to and should receive a portion of LARRY BRITTON'S pension when the same becomes payable."

Both parties agree the court acted improperly in failing to apportion the pension assets, but disagree on what method of apportionment should have been used.

The court stated it was reserving jurisdiction until petitioner's retirement to decide the division of the pension benefits. There are several reasons why this action was erroneous. The doctrine known as

the "reserved jurisdiction approach" has developed with regard to distribution of pension benefits in dissolution cases, but the court did not use it here. In the case of *In re Marriage of Korper* (1985), 131 Ill. App. 3d 753, 759-60, 475 N.E.2d 1333, 1337-38, this court explained that there are two methods for dividing pension plans. One is the immediate offset approach, where the court reduces the pension plan to present value and awards an offsetting value of money or property to the nonemployee spouse. The other method is the reserved jurisdiction approach, under which the court can order the employee spouse to pay a portion of each benefit check to the nonemployee spouse if and when the benefits are received from the plan, with the court retaining jurisdiction *to enforce the decree.* (131 Ill. App. 3d 753, 759-60, 475 N.E.2d 1333, 1336.) Jurisdiction is not reserved under this approach to delay the decision as to what percentage of the pension benefits each spouse will receive.

■ Section 401(b) of the Illinois Marriage and Dissolution of Marriage Act does give trial courts authority to enter judgments in dissolution while reserving an issue or issues, but only upon (1) agreement of the parties, or (2) motion of either party and a finding by the court that appropriate circumstances exist. (Ill. Rev. Stat., 1985 Supp., ch. 40, par. 401(b).) Neither provision has been met in the present case, so the court improperly reserved the issue of pension benefits. Section 401(b), at one time, did not require either an agreement of the parties or a finding of appropriate circumstances before an issue could be reserved (see Ill. Ann. Stat., ch. 40, par. 401(b), Supplement to Historical and Practical Notes, at 15-16 (Smith-Hurd 1985 Supp.)), and this may explain two Third District decisions which indicate the trial court could postpone a decision on the percentage of each pension payment to be awarded to each spouse. See *In re Marriage of Fairchild* (1982), 110 Ill. App. 3d 470, 476, 442 N.E.2d 557, 561, and *In re Marriage of Hobbs* (1982), 110 Ill. App. 3d 451, 456, 442 N.E.2d 629, 632.

■ Clearly the policy underlying section 401(b) is to encourage the court to decide all matters in the dissolution action in a single judgment, to the extent it is feasible to do so. If a court enters a judgment of dissolution but reserves the adjudication of marital property rights, the court may well be called upon at a later time to adjudicate marital property rights which have become entangled with the supervening rights of third parties. (Ill. Ann. Stat., ch. 40, par. 401(b), Historical and Practical Notes, at 105-06 (Smith-Hurd 1980).) It has also been stated that "[i]n distributing property, courts should seek a high degree of finality so that parties can plan their future with certainty and are not encouraged to return repeatedly to the

courts." (*In re Marriage of Hellwig* (1981), 100 Ill. App. 3d 452, 459, 426 N.E.2d 1087, 1092.) Furthermore, it is difficult to determine whether the court's decision regarding the other marital property and maintenance were proper without knowing how the pension benefits will later be apportioned. We note parenthetically that the failure to apportion interests in a pension plan has led at least one court to conclude a judgment of dissolution was not appealable. (See *In re Marriage of Rosenow* (1984), 123 Ill. App. 3d 546, 548, 462 N.E.2d 1287, 1288.) Such a result is unacceptable because it means a judgment might not be appealable for many years if the court decides to reserve the issue until the employee spouse retires. For these reasons, and because of the availability of the *true* reserved jurisdiction approach to apportion pension benefits, we find the court abused its discretion in failing to divide the parties' pension plans along with the other marital property.

■ The immediate offset approach to dividing pensions is best used when there is adequate actuarial evidence to arrive at the present value of the pension plan, when the employee spouse is close to retirement age, and when there is other sufficient marital property to allow an offset to the nonemployee spouse. (*In re Marriage of Wisniewski* (1982), 107 Ill. App. 3d 711, 717, 437 N.E.2d 1300, 1305.) These factors are not present here. Consequently, upon remand, the court should use the reserved jurisdiction approach to divide the pension plans of both parties.

■ Because we have found the court improperly excluded the pension benefits from consideration in the property distribution, we find it appropriate to reverse the judgment of the court as it pertains to the disposition of marital property, as well as to maintenance and attorney fees, and remand the case for reconsideration of these issues. (See *In re Marriage of Korper* (1985), 131 Ill. App. 3d 753, 762, 475 N.E.2d 1133, 1139.) The court in the case of *In re Marriage of Olsher* (1979), 78 Ill. App. 3d 627, 636-37, 397 N.E.2d 488, 495, stated the reasoning for remanding all marital property and support issues in a case such as this:

> "The division of marital property is among those factors which must be considered in determining the amount of maintenance [citation], child support [citation], and attorneys fees [citation]. Moreover, trial courts must consider the overall picture in disposing of marital property while providing for maintenance, child support, and attorneys fees. [Citation.] With this proposition in mind, Illinois courts and the courts of other jurisdictions adopting the Uniform Marriage and Divorce Act have

found it desirable to remand to the trial court all interrelated property and support issues once it has been determined that a marital asset was not considered at the time of the original disposition [citation], or that a marital asset was improperly valued. [Citations.] We find this approach consistent with the intent of the Act to provide for the reasonable support of the parties and their children while minimizing the possibly harmful effects caused to all by the dissolution of the marriage. [Citation.] Accordingly, we must also order the trial court to reconsider on remand whether any change in the attorneys fees, maintenance, or child support is warranted. Moreover, the other property awards, although not challenged on appeal, may also be modified if the trial court finds such changes necessary to promote a just distribution of marital property."

Therefore, we reverse and remand the marital property distribution, maintenance, and attorney fees portions of the judgment.

For the foregoing reasons, the judgment of the circuit court of Richland County is reversed and remanded in part with directions and is in all other respects affirmed.

Affirmed in part, reversed and remanded in part with directions.

WELCH and JONES, JJ., concur.