DONALD C. ROBINSON, Plaintiff-Appellee, v. LINDA LOU ROBINSON, Defendant-Appellant.

Third District   No. 3—85—0544

Opinion filed August 21, 1986.

Carl F. Reardon, of Reardon & Orr, Ltd., of East Peoria, for appellant.

Robert H. Jones, of Robert H. Jones, Ltd., of Peoria, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

The marriage of Linda Lou Robinson and Donald C. Robinson lasted 17 years. The trial court, upon dissolution, made various property awards. One specific award gave Donald the entire value of his pension from the Caterpillar Tractor Company as nonmarital property. The propriety of this award is the only issue that Linda Lou raises on this appeal. We find the trial court erred in not classifying the property as marital and in failing to apportion the value of the pension plan. Therefore, we reverse.

As only the pension award is being challenged, we shall only relate those facts necessary for a full determination of the issue. As stated above, the parties' marriage lasted 17 years. At the time of the final hearing in the trial court, Donald had been employed by Caterpillar for 19 years and 3 months. He first started working there in December 1964. Donald will be eligible to receive his pension benefits upon the completion of 30-years service. Hence, he may begin receiving benefits in 1994. The pension plan is a noncontributory defined-benefit plan. There are no employee contributions to the plan. If the employee were to die before the benefit matures, or if he were to be terminated, no benefit would be payable. There is also neither a survivor's payment, nor a lump-sum provision on death. Thus, determinations of value under present actuarial methods would be very difficult, if not impossible. Additionally, the plan does not allow for premature payments of benefits upon the divorce of any employee.

After the hearing on the property division, the trial judge found that there was insufficient evidence as to value presented, and was therefore unable to classify Donald's pension plan as marital property. The court found that as no value could be determined, no marital share could be awarded. Linda Lou brings this appeal challenging that ruling.

■■ The parties were married for 17 years. During that time Donald's pension benefits accrued. It is clear that an interest in a pension plan, if a portion accrues during the marriage, is marital property. (*In re Marriage of Fairchild* (1982), 110 Ill. App. 3d 470, 442 N.E.2d 557.) This is true regardless of whether the interest is matured, unmatured, vested, nonvested, contributory, or noncontributory. The only requirement is that the employee spouse "acquire" the interest in the plan during the marriage. (*In re Marriage of Hunt*

(1979), 78 Ill. App. 3d 653.) Therefore, the trial court's refusal to classify 17 years' worth of Donald's pension benefits as marital property was error.

Donald contends, however, that without sufficient evidence, the trial court is unable to properly assign a value to the pension-plan interest, and the trial court should not do the parties' work in determining the value of the plan interest. (*In re Marriage of Smith* (1983), 114 Ill. App. 3d 47, 448 N.E.2d 545.) He also states that assigning a value to the plan benefits is within the discretion of the trial court. *In re Marriage of Wisniewski* (1982), 107 Ill. App. 3d 711, 437 N.E.2d 1300.

In considering this, we understand the difficulty in attempting to present evidence of the value of something that, under actuarial methods, is almost impossible to determine with a reasonable degree of certainty. Linda Lou attempted to present evidence of the value of Donald's benefits if they were to be paid at the time of the dissolution. We also observe that Donald presented no evidence as to the value of his interest. (We assume this was for the same actuarial reason.) We finally note the inherent unfairness in classifying an asset accumulated over the entire 17 years of the marriage as nonmarital simply because the actuaries were unable to make a determination.

■ The courts of this State have developed two approaches to valuing a pension. The first is the "immediate offset" approach. Under this approach, the trial court may, upon determination of the present value of the pension benefits, award the value of the benefit to the employee spouse and offset that award with other marital property of similar value. (*In re Marriage of Hunt* (1979), 78 Ill. App. 3d 653, 397 N.E.2d 511.) This approach is best used when there is sufficient actuarial evidence to determine the present value of the pension, when the employee spouse is close to retirement age, and when there is sufficient marital property to allow an offset. (*In re Marriage of Wisniewski* (1982), 107 Ill. App. 3d 711, 437 N.E.2d 1300.) These conditions are not present in this case.

■ ■ The other method developed over the years is the "reserved jurisdiction" approach. This method alleviates the inequities inherent in being unable to determine the present value of the plan benefits. Under this method, the court orders the employee spouse to pay an allocated portion of the pension fund to the former spouse, as it is disbursed, while retaining jurisdiction to enforce the decree. (*In re Marriage of Korper* (1985), 131 Ill. App. 3d 753, 475 N.E.2d 1333.) The payments are made by the employee spouse "if, as and when" the benefits become payable. (*In re Marriage of Hunt* (1979), 78 Ill.

App. 3d 653, 663, 397 N.E.2d 511.) The method is one that "equitably considers the interests of both parties, and assures that neither party will suffer an unfair or unjust result from the division of marital property." (*In re Marriage of Fairchild* (1983), 110 Ill. App. 3d 470, 476, 442 N.E.2d 557.) The method also does not affect the appealability of an order of dissolution which employes it. See *In re Marriage of Cannon* (1966), 112 Ill. 2d 552.

We find that the "reserved jurisdiction" approach should have been used in this situation. Hence, upon remand, the trial court should reserve jurisdiction in order to make an allocation of Linda Lou's interest in the pension when, as, and if the retirement or pension benefits became payable. The formula that should be employed at that time would be a "just proportion" of the benefits determined by dividing the years of marriage by the total years of employment.

For the foregoing reasons, the circuit court of Tazewell County is hereby reversed. The cause is remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

SCOTT, P.J., and BARRY, J., concur.