NOTICE

Decision filed 02/14/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230349-U

NO. 5-23-0349

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| | ) | Circuit Court of |
| THOMAS REDNOUR, | ) | Washington County. |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| and | ) | No. 19-D-44 |
| | ) | |
| TAMMY REDNOUR, | ) | Honorable |
| | ) | Daniel J. Emge, |
| Respondent-Appellee. | ) | Judge, presiding. |

PRESIDING JUSTICE VAUGHAN delivered the judgment of the court.
Justices Cates and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*: Petitioner's notice of appeal was untimely where disposition of assets remained pending at the time the judgment of dissolution was entered.

¶ 2    Petitioner, Thomas Rednour, appealed the trial court's judgment that included certain payments as income for purposes of calculating maintenance. Respondent, Tammy Rednour, moved for dismissal of the appeal, contending this court did not have jurisdiction. For the following reasons, we find this court does not have jurisdiction and dismiss the appeal.

¶ 3                                     I. BACKGROUND

¶ 4    On October 23, 2019, Thomas filed a petition for dissolution of marriage after 38 years of marriage. Thomas was 58 years old. Tammy was 57 years old. Both were employed. Tammy was

1

later injured in a work-related accident, and on June 28, 2021, she moved the court, *inter alia*, for temporary maintenance because her employment of 25 years was terminated. On August 11, 2021, a hearing on Tammy's motion for temporary maintenance was held. Thomas's counsel conceded that an award of maintenance was appropriate but disputed Tammy's calculation of Thomas's income. Testimony revealed that Tammy was now 59½ years old, was able to take withdrawals from her own 401(k) account, and that account held approximately $440,000. Thomas testified about his employment, the benefits provided therefrom, his 401(k) accounts, pension, and his monthly payments related to credit cards and Tammy's vehicle. Following the hearing, and after consideration of the statutory factors, the trial court awarded temporary maintenance. The court relied on Thomas's W-2 from the prior year as the accurate representation of his income and declined Tammy's request for inclusion of additional income, finding it did not have enough evidence on how the income was spread throughout the year but might consider it for purposes of a final hearing. In addition to this ruling, the court granted Tammy exclusive possession of the marital home, ordered Thomas to continue paying the mortgage and taxes on the marital home, and ordered Tammy to pay the utilities.

¶ 5      The case proceeded to trial on December 8, 2022. Based on position statements filed prior to the trial, both parties were now 61 years old. Thomas continued to work. Tammy was receiving temporary total disability workers' compensation payments but no award for permanency had been issued. A valuation for Thomas's pension was included in his position statement. The trial lasted two days and testimony was provided by Thomas, Tammy, and others.[1] Thomas testified that he was eligible to retire on March 11, 2023. Tammy testified that she was eligible to retire in November 2023. She also confirmed her termination from employment following her workers'

---

[1]The majority of this testimony does not relate to the issues on appeal and therefore is not included.

compensation injury and addressed her treatment for that injury as well as injury from a subsequent motor vehicle accident. She stated that following her termination, she eventually received regular temporary total disability benefits. She also received payment for her vacation days and back pay for the period from January 28 to June 16, 2022.

¶ 6     On January 25, 2023, the court issued a 28-page memorandum of judgment, with an 8-page exhibit attached. Relevant to the issues raised here, the trial court found several of the marital assets were "very speculative at this point." These assets included Tammy's workers' compensation disability claim, Tammy's social security disability claim, and Thomas's pension. The court found "the most prudent course of action at this point is to reserve the distribution of any proceeds from these items until a benefit is received by the respective party." Upon receipt of any benefit, the receiving party was required to give notice to the other party and, thereafter, "[e]ither party may file a petition for the Court to distribute the items hereby reserved." As to the remaining assets, the court awarded Tammy 56% of the assets and Thomas 44%. The trial court's memorandum also addressed the statutory factors and found an award of maintenance was appropriate. Completing all the calculations pursuant to section 504(b-1)(1)(A) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/504(b-1)(1)(A) (West 2022)), the court found Thomas's monthly maintenance obligation was $1727.42. The court ordered the parties to prepare and submit a judgment of dissolution consistent with the memorandum of judgment.

¶ 7     On February 16, 2023, the court issued a judgment of dissolution of marriage. The judgment reserved distribution of (1) Tammy's workers' compensation claim, (2) Tammy's social security disability claim, and (3) Thomas's pension. The judgment awarded maintenance as awarded in the memorandum and stated the maintenance award "may be modified or terminated

3

pursuant to section 510 of the Illinois Marriage and Dissolution of Marriage Act, and that good cause exists for the review of maintenance award upon" either party receiving funds from the reserved assets or from Thomas's "receipt of a severance pay-out from his employer." The duration of maintenance was set as 38 years "unless modified or terminated." There was no Rule 304(a) finding in either the memorandum or the judgment. See Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

¶ 8     On March 2, 2023, Thomas moved for reconsideration. The parties presented argument on April 10, 2023, and following the hearing, the trial court denied the motion for reconsideration. No Rule 304(a) finding was made at that time either.

¶ 9     On May 1, 2023, Tammy filed a notice of receipt of her social security disability award. Attached to the notice was correspondence from the Social Security Administration awarding a lump sum amount for the period from April 2021 to March 2023 and thereafter providing $1774 each month. On May 2, 2023, Tammy filed a motion to apportion the disability award.

¶ 10     On May 8, 2023, Thomas filed a notice of appeal. The notice requested review of the trial court's February 16, 2023, judgment of dissolution, and April 10, 2023, denial of his motion for reconsideration.

¶ 11     On or about May 11, 2023, the parties submitted an agreed order apportioning Tammy's lump sum social security disability award. The agreed order was executed by the trial court and filed by the clerk on May 11, 2023. On May 12, 2023, Thomas filed a motion to modify maintenance based on Tammy's increased monthly income. On June 5, 2023, Tammy moved to strike Thomas's motion to modify maintenance for lack of jurisdiction due to Thomas's appeal. On June 30, 2023, following argument, the court denied the motion to strike but placed the motion to modify in abeyance until the appeal was complete.

¶ 12    In the meantime, on May 16, 2023, Thomas filed his docketing statement listing the issues on appeal as the trial court's (1) division of marital property and (2) inclusion of certain items as income for purposes of calculating maintenance. On July 20, 2023, Tammy filed a motion to dismiss Thomas's appeal with this court arguing that we had no jurisdiction because (1) the parties' claims to Thomas's pension plan were reserved and unresolved, (2) the parties' claims to Tammy's social security disability award were reserved and unresolved, (3) the parties' claims to Tammy's workers' compensation permanency award were reserved and unresolved, (4) Thomas's notice of appeal was premature because Tammy's motion to divide the disability award was pending at the time the notice was filed, and (5) Thomas failed to refile a notice of appeal after the May 11, 2023, "order resolving the disability award left his initial filing a nullity." On July 25, 2023, this court issued an order advising the parties that the jurisdiction issue would be taken with the case.

¶ 13                                          II. ANALYSIS

¶ 14    Tammy essentially provides two bases for her motion to dismiss. The first basis claims Thomas's notice of appeal was premature due to the subsequent motion filed in the trial court regarding Tammy's disability award and Thomas's failure to file a second notice of appeal. The second basis claims we have no jurisdiction due to the numerous issues reserved by the trial court in the memorandum and judgment of dissolution. We review the question of our jurisdiction *de novo*. *In re Marriage of Padilla*, 2017 IL App (1st) 170215, ¶ 13.

¶ 15    The timing requirements relating to the filing of appeals are specified in Illinois Supreme Court Rule 303. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). Rule 303(a)(1) requires the filing of a notice of appeal

> "within 30 days after the entry of the final judgment appealed from, or, if a timely
>
> posttrial motion directed against the judgment is filed, *** within 30 days after the

5

entry of the order disposing of the last pending postjudgment motion directed against that judgment or order ***." *Id.*

Here, Tammy claims a lack of jurisdiction due to Thomas's failure to file an amended notice of appeal after the trial court issued the agreed order dividing the social security disability award. We disagree.

¶ 16   First, neither Tammy's motion, nor her brief, argue that her motion to apportion the social security disability award was a motion directed against the judgment. As noted above, the trial court's memorandum and judgment reserved ruling on Tammy's social security disability award. "To qualify as a posttrial motion under Rule 303(a)(2), the motion must request one of the statutorily authorized types of relief, consisting of rehearing, retrial, modification, or vacation of the judgment." *Miller v. Penrod*, 326 Ill. App. 3d 594, 596 (2001). Tammy's motion to apportion the disability award did not request any such relief. As such, it is not properly classified as a posttrial motion directed against the judgment and, therefore, the filing had no effect on the timing of Thomas's notice of appeal.

¶ 17   Further, Tammy's reliance on *In re Marriage of Kuyk*, 2015 IL App (2d) 140733, ¶ 22, and *In re Marriage of Valkiunas*, 389 Ill. App. 3d 965, 966 (2008), is misplaced as both cases address the 2007 amendment to Rule 303(a)(2) that allows a premature notice of appeal to become effective upon the entry of the trial court's order addressing the pending motion. Therefore, assuming *arguendo* that Tammy's motion to divide the social security disability award could be properly classified as a timely postjudgment motion, Rule 303(a)(2) governs the situation. Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017).

¶ 18   Rule 303(a)(2) states that

"a notice of appeal filed before the entry of the order disposing of the last pending postjudgment motion, or before the final disposition of any separate claim, becomes effective when the order disposing of said motion or claim is entered." *Id.*

The trial court entered the agreed order dividing the disability award on May 11, 2023, and pursuant to Rule 303(a)(2), no amended notice of appeal was necessary. *Id.* Therefore, even if we classified Tammy's motion as a proper posttrial motion, the court's order on said motion would render Thomas's notice of appeal effective on the same date and would not divest this court of jurisdiction. As such, we decline to dismiss the appeal on this basis.

¶ 19 The second basis for Tammy's motion to dismiss for lack of jurisdiction claims that Thomas's appeal is untimely because the court reserved ruling on several marital assets including Thomas's pension plan and two of Tammy's disability awards. The trial court's order classified these assets as "speculative" and found "the most prudent course of action" was "to reserve the distribution of any proceeds from these items until a benefit is received by the respective party." Tammy contends that because these assets were undetermined, this court has no jurisdiction. In support, she cites *In re Marriage of Rosenow*, 123 Ill. App. 3d 546, 548 (1984); *In re Marriage of Wisniewski*, 286 Ill. App. 3d 236, 243 (1997); *In re Marriage of Koch*, 119 Ill. App. 3d 388, 388 (1983); *In re Marriage of Hirsch*, 135 Ill. App. 3d 945, 952 (1985); *In re Marriage of Merrick*, 183 Ill. App. 3d 843, 845 (1989); and *In re Marriage of O'Brien*, 243 Ill. App. 3d 386, 388 (1993).

¶ 20 In response, Thomas claims that the majority of cases cited by Tammy are not relevant. He further claims that *Rosenow*, which is directly on point, was "effectively overruled in *In re Marriage of Cannon*, 112 Ill. 2d 552, 556 (1986)" and "the dictum in *In re Marriage of Wisniewski*, 286 Ill. App. 3d 236, 243 (4th Dist. 1997), citing *Rosenow* is no longer good law." Given the arguments, we first review the applicable Illinois Supreme Court law.

7

¶ 21    We begin with *In re Marriage of Leopando*, 96 Ill. 2d 114 (1983). In *Leopando*, the court held that all issues ancillary to the petition for dissolution, including, but not limited to, custody, property disposition, and support, must be addressed in order for the judgment to be final. *Id.* at 119. It is notable that when *Leopando* was issued, the former language of section 401(3) (Ill. Rev. Stat. 1977, ch. 40, ¶ 401(3)) precluded reservation of support, maintenance, custody, and property disposition for future consideration. *Id.* at 120; see also *In re Marriage of Cohn*, 93 Ill. 2d 190, 196 (1982). The *Leopando* court noted its decision in *Cohn*, which stated section 401(3)

> " 'encourages the court to decide *all matters incident to the dissolution in a single judgment*, to the fullest extent of its authority, in order to achieve finality, promote judicial economy, and avoid multiple litigations and complications which can result from the entry of partial judgments, particularly judgments which dissolve the marriage but "reserve" remaining issues for later determination.' " (Emphasis in original.) *Leopando*, 96 Ill. 2d at 120 (quoting *Cohn*, 93 Ill. 2d at 197-98).

*Leopando* ultimately held "that issues raised in a dissolution-of-marriage case are not separate claims and therefore not appealable under Rule 304(a)." *Id.*

¶ 22    Three years later, the Illinois Supreme Court issued its decision in *In re Marriage of Cannon*, 112 Ill. 2d 552 (1986). In *Cannon*, the trial court issued an order requiring husband to pay certain expenses and temporary maintenance but stated " 'all other matters arising out of the marriage *** save and except for the dissolution of marriage itself are hereby reserved.' " *Id.* at 553. Six months later, the trial court entered an order that disposed of the reserved issues and awarded maintenance that was " 'reviewable no later than the expiration of two years and sooner if the circumstances of the parties change significantly.' " *Id.* at 553-54. The husband appealed, and the appellate court dismissed the case based on a lack of jurisdiction, holding the order was

not final due to the circuit court's retention of jurisdiction for two years, citing *Leopando* and *In re Marriage of Rosenow*, 123 Ill. App. 3d 546 (1984). *In re Marriage of Cannon*, 132 Ill. App. 3d 821, 823 (1985). The Illinois Supreme Court disagreed and distinguished the facts in *Leopando* to those in *Cannon*. *Cannon*, 112 Ill. 2d at 555-56. The supreme court noted that unlike *Leopando*, which only addressed child support and "reserved for future consideration the issues of maintenance, property division, and attorney fees," the *Cannon* trial court "made a decision as to each of these ancillary issues and specific rulings regarding property division, attorney fees, and maintenance," but recognizing other factors, the court set an amount for maintenance but provided for review. *Id.* The supreme court found the inclusion of maintenance reviewability did not render the order unappealable. *Id.* at 556. The decision quoted *In re Custody of Purdy*, 112 Ill. 2d 1 (1986), and *Barnhart v. Barnhart*, 415 Ill. 303 (1953), stating, "A decree is final if *** the matters left for future determination are merely incidental to the ultimate rights which have been adjudicated by the decree." (Internal quotation marks omitted.) *Cannon*, 112 Ill. 2d at 556.

¶ 23    We fast forward to the Illinois Supreme Court's most recent decision in *In re Marriage of Crecos*, 2021 IL 126192. In *Crecos*, the issue was a postdissolution appeal of an award of attorney fees; the appellate court interpreted the award as an interim award of attorney fees and dismissed the case for lack of jurisdiction even though a Rule 304(a) finding was provided. *Id.* ¶ 9. In discussing the difference between pre- and post-dissolution cases, *Crecos* stated, "In the context of predissolution cases, this court has held that a petition for dissolution advances a single claim: the parties' request for an order dissolving their marriage." *Id.* ¶ 18 (citing *Leopando*, 96 Ill. 2d at 119). "The other issues involved, including custody, property distribution, and support, are ancillary to the cause of action and do not represent separate, unrelated claims." *Id.* "Rather, those issues are separate issues relating to the same claim." *Id.* "For that reason, *Leopando* held that,

9

because issues raised in a dissolution of marriage case are not separate claims, those issues are not appealable under Rule 304(a)." *Id.*

¶ 24    In the interim between the decisions issued in *Leopando* and *Crecos*, section 401(b) of the Act was amended. Currently, section 401(b) states:

"Judgment shall not be entered unless, to the extent it has jurisdiction to do so, the court has considered, approved, reserved or made provision for the allocation of parental responsibilities, the support of any child ***, the maintenance of either spouse[,] and the disposition of property." 750 ILCS 5/401(b) (West 2022).

Reservation of issues is only allowed under certain circumstances. *Id.* Those circumstances include an "(i) agreement of the parties, or (ii) motion of either party and a finding by the court that appropriate circumstances exist." *Id.* The record here fails to demonstrate that either circumstance occurred in this case, and we question the trial court's jurisdiction to reserve these issues. See *In re Marriage of Burkhart*, 267 Ill. App. 3d 761, 765 (1994); *In re Marriage of Britton*, 141 Ill. App. 3d 588, 591 (1986). We note, however, neither party raised this as an issue, and it is possible one of the parties requested such reservation orally at the hearing for which no transcript was provided on appeal. As such, we limit our analysis to whether the court's reservation of the issues deprived this court of its jurisdiction.

¶ 25    Upon review of the Illinois Supreme Court precedent, contrary to Thomas's argument, we do not find any of the language in *Cannon* overrules the language in *In re Marriage of Rosenow*, 123 Ill. App. 3d 546, 548 (1984). In *Rosenow*, which relied on *Leopando* and addressed the trial court's failure to apportion the nonvested pension benefits, the court stated:

"In the absence of a complete resolution of all issues present in a dissolution of marriage proceeding, an order entered in such a proceeding deciding such an issue

10

is not a final order even as to a claim and thus is not appealable except in accordance with the Supreme Court Rules specifically applicable to interlocutory appeals [citation]. \*\*\*

Although the apportionment of interests in nonvested pension benefits is more difficult than is the apportionment of interests in other types of property, the need to apportion such benefits in order for a dissolution of marriage decree to become an appealable order does not present an insurmountable obstacle." *Rosenow*, 123 Ill. App. 3d at 548.

¶ 26 As noted above, the *Cannon* decision specifically distinguished the facts in *Leopando* because *Leopando* involved a reservation of the issues of maintenance, property division, and attorney fees. *Cannon*, 112 Ill. 2d at 555. Conversely, in *Cannon*, those ancillary issues were addressed. *Id.* at 556. The trial court's allowance for review of the maintenance in two years did not affect the finality of the decision because any changes to the maintenance in the future did not affect what was required under the judgment. *Id.* Here, while the trial court allowed for future review of the maintenance awarded in the decision as addressed in *Cannon*, it reserved apportionment of three assets: Tammy's workers' compensation award, Thomas's pension benefits (despite a value being provided for that asset), and Tammy's social security disability award. Such reservation is more consistent with *Leopando* than *Cannon*.

¶ 27 Nor can we find the language in *Wisniewski* irrelevant or outdated as claimed by Thomas on appeal. In *Wisniewski*, the court issued a judgment in 1983 that reserved jurisdiction to apportion the husband's pension until his retirement. *Wisniewski*, 286 Ill. App. 3d 238. No appeal was taken from the 1983 judgment. *Id.* The husband retired in 1994, and the wife filed a petition to allocate the pension. *Id.* at 239. Following the allocation, the husband appealed. *Id.* at 240. On

11

appeal, the wife claimed the appellate court had no jurisdiction because the husband failed to appeal the 1983 decision. *Id.* at 241. The appellate court disagreed, specifically stating that since the original order did not address *how* the pension would be apportioned, the 1983 order was not appealable. *Id.* at 242. While the appellate court questioned the court's decision to delay its ruling on the pension allocation method, it stated, "A property division that reserves jurisdiction to apportion a pension without deciding the method of apportionment is not final for purposes of appeal." *Id.* at 243.

¶ 28     While there are cases which have allowed for appeal when issues were reserved, we agree these cases are best classified as exceptions to the general rule enunciated in *Leopando* and reaffirmed in *Crecos*. See *In re Marriage of Susman*, 2012 IL App (1st) 112068, ¶ 13. In *Susman*, the court found the exceptions included: (1) a reservation of jurisdiction over the wife's personal injury suit (*In re Marriage of Toth*, 224 Ill. App. 3d 43, 48 (1991)); (2) reservation of maintenance due to a possible future diagnosis of a debilitating disease (*In re Marriage of Lord*, 125 Ill. App. 3d 1, 4-5 (1984)); (3) the lack of personal jurisdiction over one of the parties (*In re Marriage of Parks*, 122 Ill. App. 3d 905, 908-09 (1984)); or (4) an order of maintenance that allowed for review based on a possible change in circumstances (*In re Marriage of Cannon*, 112 Ill. 2d 552, 554 (1986)).

¶ 29     Admittedly, there are similarities between the case at bar and at least one of the exceptions listed above. For example, the appellate court in *Toth* found that the judgment was final and appealable despite the court's reservation of jurisdiction over the issue of wife's pending personal injury suit, because the court resolved all issues that could have been decided at the time of judgment and reserved jurisdiction only over a single issue which could not have been resolved at

12

that time. *Toth*, 224 Ill. App. 3d at 48. However, here, while Tammy's workers' compensation claim remains pending, so does Thomas's pension.

¶ 30    Even if section 401(b) compliance was shown, there is no basis for the court's reservation of Thomas's pension, for which values were provided. Such reservation ignores appellate directives to either apportion the asset via the immediate-offset (a/k/a present-value) approach or the reserved jurisdiction approach.[2] See *In re Marriage of Hunt*, 78 Ill. App. 3d 653, 663 (1979); *In re Marriage of Blackston*, 258 Ill. App. 3d 401, 405-07 (1994); *In re Marriage of Ramsey*, 339 Ill. App. 3d 752, 758-60 (2003); *In re Marriage of Richardson*, 381 Ill. App. 3d 47, 53-55 (2008); *In re Marriage of Culp*, 399 Ill. App. 3d 542, 546-47 (2010).

¶ 31    Illinois courts have long adhered to the general rule that a trial court's failure to make a ruling on the appropriate distribution of a pension plan renders the trial court's judgment unappealable. See *Blackston*, 258 Ill. App. 3d at 407; *In re Marriage of Burkhart*, 267 Ill. App. 3d 761, 765-66 (1994). Thomas provides no compelling reason to ignore the well-established precedent. Further, two other assets were also reserved. Accordingly, we grant Tammy's motion to dismiss for lack of jurisdiction.

¶ 32                                III. CONCLUSION

¶ 33    For the reasons stated herein, we grant Tammy's motion to dismiss for lack of jurisdiction.


¶ 34    Motion granted; appeal dismissed.

---

[2]"The reserved jurisdiction approach is used in cases where it is difficult to place a present value on a pension due to uncertainties regarding vesting or maturation or when the present value can be ascertained but lack of marital property makes an offset impractical or impossible." *In re Marriage of Richardson*, 381 Ill. App. 3d 47, 54 (2008). Instead of compensating the nonemployee spouse at the time of dissolution, the court awards the nonemployee spouse a percentage of the marital interest in the pension and retains jurisdiction over the case to ensure the employee spouse pays the nonemployee spouse their portion of the marital interest "if, as and when" the pension becomes payable. *Id.*