FOURTH DIVISION

No. 1-10-1843

| | |
|---|---|
| *In re* MARRIAGE OF D.T. WADE, Petitioner and Counterrespondent-Appellee, and S.L. WADE, Respondent and Counterpetitioner-Appellant. | ) Appeal from the Circuit ) Court of Cook County ) ) No. 07 D 11714 ) ) ) Honorable ) Marya T. Nega, ) Judge Presiding. ) |

PRESIDING JUSTICE GALLAGHER delivered the judgment of the court, with opinion. Justices Lavin and Pucinski concurred in the judgment and opinion.

## OPINION

Respondent, S.L. Wade, appeals from orders of the circuit court of Cook County granting petitioner, D.T. Wade's, motion to bifurcate the judgment for dissolution of marriage and entering a bifurcated judgment for the dissolution of the parties' marriage. On appeal, respondent contends that the grant of petitioner's motion to bifurcate must be reversed and the judgment for dissolution of marriage vacated because the bifurcation of the proceedings was not warranted by appropriate circumstances. We affirm.

## BACKGROUND

On November 26, 2007, petitioner filed a *praecipe* for summons in suit for a dissolution of marriage. On May 27, 2008, petitioner filed a petition for dissolution of marriage, in which he asserted that he and respondent were married on May 18, 2002, and that they had two minor children, Z.B.D. and Z.A., as a result of their marriage. He further asserted that irreconcilable

differences and difficulties had caused the irretrievable breakdown of their marriage and asked the court to enter an order dissolving the marriage; awarding the parties joint care, custody, and control of their minor children; awarding him any and all of his nonmarital property free and clear of any right, title, or interest of respondent; and awarding him his fair, just, and equitable share and proportion of the marital property of the parties.

On August 13, 2008, respondent filed a response to petitioner's petition for dissolution of marriage and a counterpetition for dissolution of marriage, in which she denied petitioner's claim of irreconcilable differences and asserted that she should be awarded the sole legal care, custody, control, and education of their children because that was in their best interests and that petitioner was guilty of desertion and mental cruelty toward her and had committed adultery. Respondent asked the court to dissolve the parties' marriage and to award her sole legal care, custody, control, and education of her children; temporary and permanent maintenance; and all attorney fees incurred in connection with the litigation. Respondent also asked the court to bar petitioner from seeking maintenance and to adjudicate the property rights of the parties.

On May 11, 2010, petitioner filed a motion to bifurcate the judgment for dissolution of marriage, in which he asserted that the parties had satisfied the two-year separation requirement to proceed under the grounds of irreconcilable differences and that appropriate circumstances existed to bifurcate the judgment for dissolution because respondent had frustrated and delayed the proceedings by repeatedly changing counsel and interfering with petitioner's parenting time with their two minor children. Petitioner further asserted that the delays in resolving the issue of dissolution were draining funds out of the marital estate and were detrimental to the interests of

his children, that a failure to bifurcate the proceedings would unduly prolong the case, and that respondent would not be prejudiced by bifurcation because her separate residence had been secured, substantial funds had been placed in escrow to address the expenses of the parties and their children, and respondent had control of substantial additional marital funds. On May 14, 2010, Lester Barclay, the representative of the parties' children, filed a response in support of petitioner's motion to bifurcate, in which he asserted that respondent had acted contrary to the children's best interests, that she had prolonged the litigation by changing attorneys numerous times, that the delay was a detriment to the children, and that appropriate circumstances existed to enter a bifurcated judgment for dissolution of marriage.

On May 26, 2010, respondent filed a response to petitioner's motion to bifurcate, in which she denied petitioner's assertions that she had delayed the proceedings by repeatedly changing counsel, that her actions were contrary to the best interests of her children, or that appropriate circumstances existed to justify bifurcation. On June 14, 2010, respondent filed an amended response, affirmative defenses, and memorandum of law in opposition to petitioner's motion to bifurcate, in which she asserted that appropriate circumstances to justify bifurcation did not exist in this case and that bifurcation would be greatly prejudicial to her.

A hearing was held on June 22, 2010, at which time the circuit court granted petitioner's motion to bifurcate. In doing so, the court recognized that although bifurcation was generally disfavored, a court could enter such an order in appropriate circumstances where it determined that bifurcation would be in the parties' best interests. The court stated that appropriate circumstances to justify bifurcation were present in this case because respondent's continual

replacement of her attorneys had caused multiple delays and the protracted and contentious nature of the litigation had impacted the parties' children in a detrimental manner. The court further stated that it did not believe bifurcation would have a detrimental impact on the case because a custody trial was set to begin shortly and a trial on the financial aspects of the case was unlikely to begin anytime soon, due in part to the large marital estate at issue. On June 25, 2010, the court heard testimony from petitioner and entered judgment for the dissolution of marriage on the ground of irreconcilable differences, while reserving all other issues to be dealt with in future proceedings.

## ANALYSIS

Respondent contends on appeal that the circuit court erred by granting petitioner's motion to bifurcate and entering a bifurcated judgment for the dissolution of marriage because appropriate circumstances did not exist to justify bifurcation in this case. A circuit court shall enter a judgment of dissolution of marriage if one of the approved grounds for dissolution has been proved. 750 ILCS 5/401(a) (West 2008). However, a court may only enter a judgment of dissolution while reserving resolution of the issues of child custody, child support, or maintenance upon agreement of the parties or a motion by either party and a finding that appropriate circumstances exist. 750 ILCS 5/401(b) (West 2008).

In *In re Marriage of Cohn*, 93 Ill. 2d 190, 199 (1982), our supreme court held that while a circuit court does not have unfettered discretion to bifurcate a dissolution judgment, bifurcation is justified in certain circumstances. The court set forth a nonexhaustive list of appropriate circumstances for entering a bifurcated dissolution judgment, which included "[w]here the court

does not have *in personam* jurisdiction over the respondent; where a party is unable to pay child support or maintenance if so ordered; where the court has set aside an adequate fund for child support pursuant to section 503(d) of the [Illinois Marriage and Dissolution of Marriage] Act; or where the parties' child or children do not reside with either parent." *Id.* Bifurcation is justified where the circumstances listed in *Cohn* are present or where the circumstances are of the same caliber as those enumerated in *Cohn*. *In re Marriage of Bogan*, 116 Ill. 2d 72, 80 (1986). A reviewing court will not disturb the circuit court's decision to enter a bifurcated judgment of dissolution of marriage absent an abuse of discretion. *Copeland v. McLean*, 327 Ill. App. 3d 855, 865 (2002).

Respondent asserts that the circuit court abused its discretion by granting bifurcation because none of the appropriate circumstances listed in *Cohn* were present in this case and the circumstances relied upon by the court to justify bifurcation were not of the same caliber as those identified in *Cohn*. Before we can decide whether the court abused its discretion by granting bifurcation, we must first ascertain the reason it granted petitioner's motion.

The record shows that following argument on the motion to bifurcate, the circuit court noted that the parties did not agree to bifurcation and stated that although it was clear from the case law that bifurcation was generally disfavored, bifurcation was appropriate where the court made a finding based on the circumstances of the case that the entry of such a judgment was in everyone's best interests. The court then cited to *Cohn* and explained that the list of appropriate circumstances set forth therein was not exhaustive. The court stated that it felt the extended and protracted litigation in this case was a problem and that it believed the highly contentious nature

of the case was having a serious and detrimental impact on the mental health of the parties' children. The court further stated that respondent had caused multiple delays by continually replacing her attorneys, reiterated that it was "very troubled and concerned about the impact that all of this has had upon the children," and found that appropriate circumstances existed to grant petitioner's motion to bifurcate. The court then explained that it did not think bifurcation would have a detrimental impact on the case because a custody trial had been scheduled and the financial issues were not going to be resolved anytime soon, due in part to the size of the marital estate.

The record thus shows that the circuit court gave substantial consideration to the question of whether appropriate circumstances existed to justify bifurcation and ultimately determined that such circumstances existed in this case because the length and contentiousness of the proceedings were having a detrimental impact on the mental health of the parties' children. Although the parties discuss numerous bases that the circuit court allegedly relied upon, or could have relied upon, to justify bifurcation in their briefs, it is clear from the court's comments that it granted bifurcation because it was in the best interests of the parties' children, and not because it wanted to punish respondent for repeatedly changing counsel or delaying the proceedings.

Having ascertained the reason the circuit court believed bifurcation was justified, we now determine whether that justification can be a proper basis for granting bifurcation. We initially note that our supreme court explicitly stated that it did not attempt to list all possible appropriate circumstances that warrant bifurcation in *Cohn*, 93 Ill. 2d at 199, and subsequently reiterated that bifurcation is justified not only where the circumstances are the same as those listed in *Cohn*, but also where the circumstances are of the same caliber (*Bogan*, 116 Ill. 2d at 80). Thus, bifurcation

may be justified in this case even though none of the appropriate circumstances enumerated in *Cohn* are present.

In *In re Marriage of Kenik*, 181 Ill. App. 3d 266, 278 (1989), the respondent filed a motion for bifurcation and this court held that the circuit court had not abused its discretion by granting that motion in part because the respondent was pregnant and dissolution was in the best interests of the unborn child. This court has also taken into account how bifurcation might benefit the emotional status of the party seeking such an order where that party was an elderly and very ill woman in deciding that the circuit court did not abuse its discretion by granting bifurcation. *In re Marriage of Blount*, 197 Ill. App. 3d 816, 820 (1990). Thus, although the parties have not cited, nor has this court found, a case in which an Illinois court has held that bifurcation is justified where it will benefit the emotional and mental well-being of the parties' children, this court has considered similar factors in *Kenik* and *Blount* while upholding bifurcated judgments of dissolution.

In addition, two of the underlying purposes of the Illinois Marriage and Dissolution of Marriage Act are to "mitigate the potential harm to the spouses and their children caused by the process of legal dissolution of marriage," and to "secure the maximum involvement and cooperation of both parents regarding the physical, mental, moral and emotional well-being of the children during and after the litigation." 750 ILCS 5/102(4), (7) (West 2008). Similarly, the circuit court is directed to focus on the best interests of the child and on the child's physical and emotional well-being in child custody proceedings. Ill. S. Ct. R. 900(a) (eff. July 1, 2006). Thus, it is clear that the legislature intended for the circuit court to take the best interests and well-being

of the parties' children into account while conducting the proceedings on a dissolution of marriage.

We therefore determine that reasonable circumstances may exist to justify bifurcation where the court concludes that bifurcation is necessary to protect and promote the emotional and mental well-being of the parties' children. This determination is consistent with other decisions of this court, which have upheld bifurcation where necessary to protect the interests of a party's unborn child and to benefit the emotional status of a party who was elderly and very ill, and with the circuit court's responsibility to mitigate the harm to the parties' children caused by the dissolution process and to promote their well-being.

Having determined that bifurcation may be justified where necessary to alleviate the detrimental impact of the dissolution proceedings on the parties' children, we now must decide whether the circuit court abused its discretion by finding that appropriate circumstances existed to justify bifurcation on that basis in this case.

The circuit court has considerable discretion in deciding whether to grant bifurcation and, as the finder of fact, was in the best position to determine the effect bifurcation would have on the parties and their children. *Copeland*, 327 Ill. App. 3d at 866. There is nothing in the record which contradicts the court's findings that the litigation in this case was unusually long and contentious and that the length and contentiousness of the proceedings were having a detrimental impact on the parties' children. To the extent the court believed respondent was delaying proceedings by repeatedly replacing counsel, it did not act inappropriately by granting bifurcation to overcome those delays and foster the progression of the case. *Partipilo v. Partipilo*, 331 Ill.

App. 3d 394, 401 (2002). In addition, the court determined that bifurcation would not have a negative impact on the case where the marital estate was large and it appeared unlikely that a trial on the financial matters would begin anytime soon. Thus, substantial complications were bound to arise in reaching a resolution regarding the financial matters present in this case regardless of whether the court entered a bifurcated judgment of dissolution, and delaying the entry of a dissolution judgment until the financial matters were resolved would have only exacerbated the detrimental impact the litigation was having on the parties' children.

While we agree with respondent that bifurcation did not terminate the litigation between the parties or resolve the custodial dispute, we do not agree that the circuit court abused its discretion by granting bifurcation. The court was confronted with an unusually protracted and contentious litigation in this case, which it reasonably believed was having a detrimental impact on the mental and emotional health of the parties' children. By granting a bifurcated judgment of dissolution, the court at least resolved one issue present in the proceedings and provided the parties and their children with certainty and finality regarding the parties' marital status. Unlike in *Cohn*, 93 Ill. 2d at 200, where the circuit court did not give any consideration to the question of whether bifurcation was necessary, here the court acknowledged the general presumption against bifurcation and considered the relevant case law and the unique circumstances present in this case before concluding that bifurcation was justified.

The circuit court was present for and involved in the extensive proceedings that had taken place prior to bifurcation and was therefore in the best position to determine the effect bifurcation would have on the parties, their children, and the case. *Copeland*, 327 Ill. App. 3d at 866. As

such, we will not upset the court's considerable discretion to bifurcate and thus conclude that the court did not abuse its discretion by granting petitioner's motion to bifurcate and entering a bifurcated judgment of dissolution of marriage. *Id.*

Respondent further asserts that the circuit court abused its discretion and violated her right to due process because it granted petitioner's motion to bifurcate on grounds that were not raised in the motion. However, the record shows that petitioner alleged in his motion that bifurcation was warranted because the delays in resolving the issue of dissolution were detrimental to his children's best interests and that the court granted the motion because it believed bifurcation was in the best interests of the parties' children. Thus, we conclude that the court granted petitioner's motion to bifurcate on grounds that were raised in the motion and did not abuse its discretion or violate respondent's due process rights by doing so.

Accordingly, we affirm the judgment of the circuit court of Cook County.

Affirmed.

1-10-1843

# REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT
(Front Sheet to be Attached to Each case)

_In re_ MARRIAGE OF D.T. WADE, Petitioner and Counterrespondent-Appellee, and S.L. WADE, Respondent and Counterpetitioner-Appellant

No. 1-10-1843

Appellate Court of Illinois
First District, Fourth Division

March 31, 2011

PRESIDING JUSTICE GALLAGHER delivered the opinion of the court.

LAVIN and PUCINSKI, JJ., concur.

Appeal from the Circuit Court of Cook County.

Honorable Marya T. Nega, Judge Presiding.

For APPELLANT, Kalcheim Haber, LLP, Chicago, IL (Michael W. Kalcheim, Michael A. Haber, of counsel)

For APPELLEE: D.T. Wade, Nadler Pritikin & Mirabelli, LLC, Chicago, IL (James B. Pritikin, Sylvia A. Sotiras, Michael D. Sevin, of counsel) and Paul J. Bargiel, P.C. (Paul J. Bargiel, of counsel)

For APPELLEE: Child Representative, Barclay, Dixon & Smith, P.C. (Lester L. Barclay, of counsel)