# Illinois Official Reports

## Appellate Court

---

### *In re Marriage of Breashears*, 2016 IL App (1st) 152404

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF JAMES BREASHEARS, Petitioner-Appellee, and KAREN BRAZIL BREASHEARS, Respondent-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-15-2404 |
| Filed | October 17, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-D-4471; the Hon. Regina A. Scannicchio, Judge, presiding. |
| Judgment | Affirmed and remanded with directions. |
| Counsel on Appeal | Barclay Law Group, P.C., of Chicago (Lester L. Barclay and Rafael Taylor, of counsel), for appellant.<br><br>Anderson & Boback, of Chicago (Kimberly J. Anderson and Jennifer A. Schuster, of counsel), for appellee. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion. Presiding Justice Connors and Justice Mikva concurred in the judgment and opinion. |

**OPINION**

¶ 1     On July 27, 2015, a hearing was held on petitioner's emergency petition requesting a bifurcated dissolution of marriage. At the hearing, petitioner testified that the reason he wished to obtain a bifurcated divorce was so he could marry his paramour and dispose of his assets while he was still alive. After hearing testimony concerning the investment properties and the condition of petitioner's health, the trial court granted the emergency petition for bifurcation and dissolved petitioner and respondent's marriage. On July 30, 2015, petitioner married his paramour. On August 21, petitioner died. Respondent timely filed her notice of appeal.

¶ 2     On appeal, the respondent argues the trial court abused its discretion in granting the petition for bifurcation because appropriate circumstances did not exist for granting it. We review the trial court's decision under an abuse of discretion standard. The trial court heard testimony from the parties and was aware of the potential entanglements concerning the marital estate. Based on the record before the trial court and prior case law, we affirm the decision of the trial court finding that appropriate circumstances existed for granting a bifurcated judgment of dissolution.

¶ 3                                    JURISDICTION

¶ 4     On July 27, 2015, the trial court entered an order granting the emergency petition for bifurcation and dissolved the marriage of petitioner and respondent while reserving ruling on the marital estate. Such a ruling is considered a final and appealable judgment under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994). See *In re Marriage of Tomlins*, 2013 IL App (3d) 120099, ¶ 21 (citing various appellate cases which found an order granting bifurcation as final and immediately appealable).

¶ 5     Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules 301 and 303 governing appeals from final judgments entered below. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. May 30, 2008).

¶ 6                                    BACKGROUND

¶ 7     Petitioner and respondent were married on July 25, 1984, in Chicago, Illinois. No children were born to the marriage, though petitioner has two children from a prior marriage. Sometime in 2005, the parties stopped acting as husband and wife; however, they continued to live in the same house. In 2007, petitioner began seeing another woman and began splitting his time between her residence and the marital residence. This living arrangement continued until May 2014, when petitioner began living full time with the other woman.

¶ 8     In May 2014, petitioner was diagnosed with skin cancer and began receiving treatment. Petitioner underwent several surgeries and began receiving both chemotherapy and radiation treatment. On March 30, 2015, petitioner was advised by his doctor that the cancer had spread to other parts of his body and he had 6 to 12 months to live.

¶ 9     On May 15, 2015, petitioner filed a petition seeking a bifurcated dissolution of marriage. In seeking a bifurcation, petitioner alleged he wished to have his marriage to respondent dissolved immediately so that he may create an estate plan free of respondent's input or influence and leave his estate to his children and others of his choosing. On June 23, 2015, petitioner filed an emergency amended petition for entry of a bifurcated judgment of

dissolution. It alleged that since the filing of the first petition, petitioner was informed that he had substantially less time to live.

¶ 10    Petitioner reiterated his desire to create an estate plan free of respondent's influence and leave his estate to his children and others of his choosing. He also stated that he wished for the marriage to be dissolved so that he could marry his paramour. In response to the emergency petition, respondent asked for time to conduct discovery on petitioner's medical condition and the parties' marital assets. In an order dated June 25, the trial court ordered the parties to complete Cook County Circuit Court Rule 13.3.1 financial disclosure statements (Cook Co. Cir. Ct. R. 13.3.1 (eff. June 1, 2011)) along with standard marital interrogatories. On July 16, 2016, the trial court set petitioner's amended bifurcation petition for hearing on July 27, 2015.

¶ 11    On July 27, the trial court held its hearing on petitioner's bifurcation petition and heard testimony from both petitioner and respondent. Before the hearing began, petitioner provided his Rule 13.3.1 financial disclosure statements along with a compact disc (CD) containing various financial documents. However, petitioner could not recall the financial information disclosed on the CD at the start of the hearing. Petitioner was also questioned about the investment properties that were acquired during the marriage. He testified that his son from a previous marriage manages the properties and respondent had never had an interest in managing them or even knew where they were located. When questioned about his reasoning for wanting a bifurcation, he stated that he wanted to get on with his life and dispose of his assets while still alive.

¶ 12    At the end of the hearing, the trial court found that based on the evidence before it, appropriate circumstances existed to grant petitioner's bifurcation order. Accordingly, the trial court dissolved the parties' marriage but reserved ruling on the division, characterization, valuation, and allocation of the marital estate. On July 30, petitioner remarried. On August 21, petitioner died. Respondent timely filed her notice of appeal on August 26, 2015.

¶ 13                                    ANALYSIS

¶ 14    On appeal, respondent argues the trial court abused its discretion in granting petitioner's emergency bifurcation petition because "appropriate circumstances" did not exist for granting the petition and, in doing so, the court needlessly entangled the marital estate with the supervening rights of third parties. Respondent argues that the trial court failed to properly inquire how granting the bifurcation coupled with petitioner's future actions would affect the distribution of the marital estate.

¶ 15    A trial court's decision to grant a bifurcated judgment in a dissolution proceeding is reviewed for an abuse of discretion. *In re Marriage of Cohn*, 93 Ill. 2d 190, 199 (1982). "An abuse of discretion occurs only when no reasonable person could find as the trial court did." *In re Marriage of Ward*, 267 Ill. App. 3d 35, 41 (1994).

¶ 16    The Illinois Marriage and Dissolution of Marriage Act provides in relevant part, "(b) [j]udgment shall not be entered unless, to the extent it has jurisdiction to do so, the court has considered, approved, reserved or made provision for the allocation of parental responsibilities, the support of any child of the marriage entitled to support, the maintenance of either spouse and the disposition of property. The court shall enter a judgment for dissolution that reserves any of these issues either upon (i) agreement of the parties, or (ii) motion of either party and a finding by the court that appropriate circumstances exist." Pub. Act 99-90 (eff. Jan. 1, 2016) (amending 750 ILCS 5/401(b)). Accordingly, a court may enter a bifurcated

dissolution of marriage judgment only when the "appropriate circumstances" exist for doing so.

¶ 17    Our supreme court first addressed the issue of a bifurcated judgment in a dissolution proceeding in the case of *In re Marriage of Cohn*, 93 Ill. 2d 190 (1982). Though decided on other grounds, the supreme court recognized that "certain circumstances will justify bifurcating a [marriage dissolution] judgment." *Id.* at 199. Before addressing the circumstances under which the court indicated a bifurcated judgment of dissolution may be appropriate, the court noted the potential complications that may arise. *Id.* at 198. The court specifically cautioned that where the adjudication of property rights have been "reserved following a dissolution of marriage judgment, the court could likely be required to adjudicate marital-property rights that have become entangled with the supervening rights of third parties, including subsequent spouses." *Id.* at 198-99. "Additionally, entering a judgment of dissolution prior to property disposition would complicate, rather than simplify, matters with respect to the rights of a surviving spouse in the event of an intervening death." *Id.* at 199. Despite these concerns, the court recognized a bifurcated dissolution of marriage may be justified in the appropriate circumstances.

¶ 18    The *Cohn* court found appropriate circumstances that may justify a bifurcated dissolution proceeding include, but are not limited to: "Where the court does not have *in personam* jurisdiction over the respondent; where a party is unable to pay child support or maintenance if so ordered; where the court has set aside an adequate fund for child support pursuant to section 503(d) of the Act; or where the parties' child or children do not reside with either parent." *Cohn*, 93 Ill. 2d at 199. A few years later, in the case of *In re Marriage of Bogan*, the supreme court recognized that in a dissolution of marriage proceeding where bifurcation is sought, "the reasons advanced for bifurcation must be of the same caliber as those [set forth] in *Cohn*." *In re Marriage of Bogan*, 116 Ill. 2d 72, 80 (1986).

¶ 19    Since *Cohn* and *Bogan*, it has been 24 years since the supreme court has addressed when appropriate circumstances exist for granting a bifurcation; however, various appellate courts have addressed the issue. In arguing that we should affirm the trial court's order granting the bifurcation, petitioner relies on *In re Marriage of Blount*, 197 Ill. App. 3d 816 (1990), and *Copeland v. McLean*, 327 Ill. App. 3d 855 (2002).

¶ 20    In *In re Marriage of Blount*, the appellate court affirmed the bifurcated divorce of a terminally ill wife from her mentally abusive husband. In affirming the trial court's order granting a bifurcated dissolution of marriage, the appellate court found appropriate circumstances existed for granting the bifurcation. *Blount*, 197 Ill. App. 3d at 820. The court noted that it would be more concerned about property complications if not for the parties holding largely separate assets and the existence of a premarital agreement governing the disposition of the marital property. *Id.* The court closed by noting that, "[i]n this case, benefit to the emotional status of an elderly, very ill woman, was correctly determined to be 'appropriate circumstances.' " *Id.*

¶ 21    Due to the factually similarities with the *Blount* decision, the appellate court affirmed a bifurcated dissolution of marriage in *Copeland*, 327 Ill. App. 3d at 866-67. The court was again confronted with a terminally ill wife seeking to obtain a bifurcated dissolution of marriage. The petitioner in *Copeland*, like the petitioner in *Blount*, alleged mental cruelty as the grounds for dissolution. *Id.* at 857. However, like the petitioner in this matter, the petitioner in *Copeland* advanced the argument that a reason for wanting the bifurcation was that she desired to

"dispose of her half of the marital assets according to her wishes." *Id.* at 865. Also, important to our decision here, the appellate court also looked at other jurisdictions that had found that "impending death of a party is an 'appropriate circumstance' for the entry of a bifurcated judgment of dissolution." *Id.* at 866 (citing *Barnett v. Barnett*, 743 So. 2d 105, 108 (Fla. Dist. Ct. App. 1999)); *Estate of Burford v. Burford*, 935 P.2d 943, 945 (Colo. 1997); *Estate of Pinkerton v. Pinkerton*, 646 A.2d 1184, 1185 (Pa. Super. Ct. 1994).

¶ 22    In support of the trial court's decision granting the bifurcated dissolution, petitioner analogizes the current appeal to both *Copeland* and *Blount*. Respondent counters that the lack of mental cruelty distinguishes this case from *Copeland* and *Blount* and the lack of such an allegation means that the "appropriate circumstances" did not exist to grant the petition to bifurcate in this matter.

¶ 23    Both *Copeland* and *Blount*, along with the current appeal, involved terminally ill petitioners seeking divorces before they died. Respondent argues that *Copeland* and *Blount* are distinguishable from the case at bar because the court heard evidence that the surviving spouse contributed to the deteriorating health of the dying spouse. *Blount*, 197 Ill. App. 3d at 818-19; *Copeland*, 327 Ill. App. 3d at 860. However, respondent's argument is misguided. The abuse allegations alleged in *Copeland* and *Blount* went to whether there were grounds for dissolving the marriage, not whether bifurcation should be granted. See *Copeland*, 327 Ill. App. 3d at 863 (explaining that respondent contends that the trial court erred in finding his mental cruelty as grounds for dissolution).

¶ 24    The *Copeland* court, in rejecting respondent's argument that bifurcation would complicate the marital estate distribution, first noted the absence of child support or maintenance issues. *Copeland*, 327 Ill. App. 3d at 866. The court then noted "respondent's [property] rights at this stage of the dissolution proceedings remain relatively unaffected. Our only task at this stage is to assess the propriety of the entry of the bifurcated judgment." *Id.* (citing *In re Marriage of Kenik*, 181 Ill. App. 3d 266, 270 (1989)). Like the events in *Copeland*, where the court found respondent's property rights remained relatively unaffected following the bifurcation, here, our respondent's property interests are similarly unaffected. Despite the subsequent remarriage and death of petitioner, respondent is entitled to her portion of the marital estate at the time the trial court entered the bifurcation. See 750 ILCS 5/503(d) (West 2014) (instructing the court to divide marital property in just proportions); see also *In re Marriage of Mathis*, 2012 IL 113496 (finding that date of dissolution was proper valuation date for marital property in bifurcated dissolution proceedings). Furthermore, respondent's property concerns at this juncture of the proceedings are speculative, and we are only concerned with the "propriety of the entry of the bifurcated judgment." *Copeland*, 327 Ill. App. 3d at 866 (citing *Kenik*, 181 Ill. App. 3d at 270).

¶ 25    We agree with the *Copeland* decision and conclude, as the trial court did below, that the impending death of a party can represent an "appropriate circumstance" for the entry of a bifurcated judgment of dissolution. We agree that such a situation can represent an "appropriate circumstance" for the same reasons set forth in the *Copeland* decision. First, other jurisdictions have found that the impending death of a party represents an appropriate circumstance. Second, under the statute providing for a bifurcated dissolution proceeding, the death of one party does not result in the abatement of the proceedings and the action does not instantly become a probate matter. 750 ILCS 5/401(b) (West 2014). As stated in *Copeland*, this indicates our General Assembly "intended the desire of a party seeking a divorce not be

frustrated by the simple fact of the party's death after the entry of the judgment of dissolution." *Copeland*, 327 Ill. App. 3d at 867.

¶ 26 We also emphasize, as did the court in *Copeland*, that the decision to bifurcate rests with the sound discretion of the trial court. As the finder of fact here, the trial court was in the best position to judge the effect of dissolving the marriage while reserving ruling on the marital estate. The trial court heard testimony concerning petitioner's health conditions and his desire to remarry before his death if the bifurcation was granted. The trial court heard that the parties had lived largely separate lives for almost a decade. Finally, the court heard testimony concerning the couple's investment properties and other issues that may arise if the bifurcation was granted. The trial court was in the best position to determine how petitioner's actions would affect the marital estate and respondent, and based on the record before us, we find the trial court did not abuse it discretion in granting the bifurcation while reserving ruling on distributing the marital estate.

¶ 27                                    CONCLUSION

¶ 28 We affirm the decision of the trial court and remand for further proceedings concerning the disposition of the marital estate. On remand, given the death of petitioner, the Estate of James Breashears should be substituted in as party-petitioner.

¶ 29 Affirmed and remanded with directions.